**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:

Deborah D. Haywood,

                                                   Chapter 7
                                                 Case No. 25-40850
                                                 Hon. Lisa S. Gretchko

                   Debtor.

_____/

Deborah D. Haywood,

                   Plaintiff,                          Adv. Pro. No. 25-04074-LSG
v.                                                  Hon. Lisa S. Gretchko

The Villa at City Center,

                   Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S**
**MOTION TO DISMISS**

*Introduction*

      This matter came before the Court upon the Motion to Dismiss ("Motion"; ECF No. 14)[1] filed by Defendant, Villa at City Center, pursuant to Fed. R. Civ. P. 12(b)(6) seeking dismissal of the complaint in this adversary proceeding, and the Plaintiff's response to the Motion ("Response"; ECF No. 15). The Court has reviewed the complaint, the Motion, and the Response. Pursuant to E.D. Mich.

---

[1] Unless otherwise noted, the ECF numbers in this opinion refer to docket entries in this adversary proceeding, not to docket entries in the Plaintiff's Chapter 7 Case.

LBR 9014-1(e), the Court finds that oral argument would not be helpful and that a hearing is unnecessary to decide the Motion.

For the reasons set forth below, the Court denies the Motion.

### *Jurisdiction*

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1334(b), 157(b)(1), and E.D. Mich. LR 83.50(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

### *Lead Bankruptcy Case*

On January 30, 2025, Deborah D. Haywood ("Plaintiff") filed voluntary Chapter 7 Case No. 25-40850 ("Chapter 7 Case"). Schedule E/F in the Chapter 7 Case lists a $20,000 claim held by Villa at City Center ("Defendant") (Case No. 25-40850, ECF No. 1, p. 22).

On February 2, 2025, the Bankruptcy Noticing Center ("BNC") sent notice of the Plaintiff's Chapter 7 Case by first class mail to Villa at City Center, 11700 E 10 Mile Rd, Warren, MI 48089-3903 ("BNC Notice") (Case No. 25-40850, ECF No. 9, p. 3).

### *Adversary Proceeding*

On April 26, 2025, the Plaintiff commenced this adversary proceeding. The complaint ("Complaint"; ECF No. 1) alleges that (1) the Defendant had notice of the Plaintiff's Chapter 7 Case due to the BNC Notice sent on February 2, 2025; (2) on March 19, 2025, the Defendant sent a collection letter ("Letter") to the Plaintiff in violation of the automatic stay; (3) the Letter constitutes a willful violation of the automatic stay because it was an effort to collect on a prepetition debt and the Defendant knew of the Plaintiff's Chapter 7 Case prior to sending the Letter; and

(4) the Plaintiff suffered actual damages due to the Letter including emotional distress, legal fees, and other consequential damages (ECF No. 1, p. 2, ¶¶ 9-13).

The Complaint attaches a copy of the Letter (ECF No. 1-1). The subject line of the Letter recites: "Past Due Notice – Deborah Haywood" and the Letter states that the Defendant would "appreciate an immediate payment to bring [the Plaintiff's] account current."

The Complaint alleges that, pursuant to 11 U.S.C. § 362(k), the Plaintiff is entitled to (1) actual and punitive damages in unspecified amounts; (2) attorney's fees and costs; and (3) injunctive relief enjoining the Defendant from further violating the stay (ECF No. 1, p. 3).

On June 26, 2025, the Defendant filed the Motion, seeking dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim (ECF No. 14). The Defendant argues that dismissal is warranted because (1) the Plaintiff has failed to allege any facts supporting that the Defendant had actual notice of the Plaintiff's Chapter 7 Case prior to sending the Letter; (2) the Defendant did not receive notice of the Plaintiff's Chapter 7 Case until May 2, 2025 (after the Defendant sent the Letter to the Plaintiff); (3) the Plaintiff has failed to allege facts supporting that the Letter caused her actual damages; and (4) this matter should have been brought as a contested matter under Fed. R. Bankr. P. 9014 and not as an adversary proceeding (ECF No. 14, pp. 13-15).

On July 10, 2025, the Plaintiff filed the Response to the Motion arguing that (1) the allegation in the Complaint that the Defendant willfully violated the automatic stay by sending the Letter is supported by the BNC Notice sent on February 2, 2025; (2) it is not necessary for the Complaint to provide detailed support of the alleged actual damages caused by the Letter at this stage in the

adversary proceeding; and (3) claims under 11 U.S.C. § 362(k) are routinely brought as adversary proceedings and dismissal is not the appropriate remedy for any procedural challenge (ECF No. 15, pp. 7-8).

## Analysis

Fed. R. Civ. P. 8(a)(2), as incorporated by Fed. R. Bankr. P. 7008, applies to this adversary proceeding and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Defendant has the burden to show that the Plaintiff has failed to state a claim for relief and dismissal is warranted under Fed. R. Civ. P. 12(b)(6). *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015).

"Generally, in considering a motion to dismiss, the district court is confined to considering only the pleadings, or else it must convert the motion into one for summary judgment under Rule 56." *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023). "However, the court may, in undertaking a 12(b)(6) analysis, take judicial notice of 'matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint.'" *Id*. (quoting *Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021)). The Court may also consider "exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Here, the Defendant's Motion attaches an affidavit from Trina Lafferty. The Court did not consider this affidavit because it is not referred to in the Complaint and is not a matter of public record or another item of which the Court can take judicial notice. Simply stated, it is outside the scope of the Court's analysis of a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When evaluating a motion to dismiss, a court "must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).

"An individual seeking damages for a violation of the stay has the burden of establishing three elements by a preponderance of the evidence: (1) the actions taken were in violation of the automatic stay; (2) the violation was willful; and (3) the violation caused actual damages." *In re Collett*, 2014 WL 2111309, at *4 (B.A.P. 6th Cir. May 21, 2014). "A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." *Id*. (quoting *In re Sharon*, 234 B.R. 676, 687 (B.A.P. 6th Cir. 1999)).

Here, the Plaintiff has stated in the Complaint that (1) the Defendant sent the Letter in violation of the automatic stay; (2) the Defendant knew of the Plaintiff's Chapter 7 Case (based on the BNC Notice sent on February 2, 2025) when the Letter was sent and, consequently, sending the Letter was a willful violation of the automatic stay; and (3) the Letter caused the Plaintiff to suffer actual damages including emotional distress, legal fees, and other consequential damages. Construing the Complaint in the light most favorable to the Plaintiff, and accepting all factual allegations as true, the Court finds that the allegations in the Complaint

state a plausible claim to recover damages under 11 U.S.C. § 362(k) for a violation of the automatic stay.

The Defendant's Motion has merely raised factual issues about whether and when the Defendant had notice of the Chapter 7 Case and whether the Plaintiff suffered actual damages. The Court cannot consider these factual issues at the Fed. R. Civ. P. 12 (b)(6) motion stage in this adversary proceeding. *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (stating a motion to dismiss is not the proper place to resolve factual disputes).

Finally, the Defendant's argument that the Complaint is somehow procedurally improper and, instead, should have been brought as a contested matter under Fed. R. Bankr. P. 9014 is without merit. The Defendant has cited no case law (and the Court has found none) holding that the Plaintiff's request under 11 U.S.C. § 362(k) seeking damages for a violation of the automatic stay *cannot* be brought as an adversary proceeding. *See, e.g.*, *In re Ballard*, 502 B.R. 311, 323-24 n.14 (Bankr. S.D. Ohio 2013) (finding that damages for a stay violation may be pursued as a contested matter or through an adversary proceeding).

Accordingly, for the reasons stated above,

**IT IS HEREBY ORDERED** that the Motion is denied.

**IT IS FURTHER ORDERED** that the Defendant must file a response to the Complaint by August 15, 2025.

Signed on July 22, 2025



/s/ Lisa S. Gretchko

**Lisa S. Gretchko**
**United States Bankruptcy Judge**